**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:98-CR-52 |
| | ) | |
| SIDNEY FIELDS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**OPINION AND ORDER**

Before the court is the Government's Motion to Amend Judgment filed on March 20, 2008. Defendant responded on March 25, 2008 to which the Government replied on April 8, 2008 and the Defendant filed an additional brief on April 15, 2008. On April 28, 2008, the court held a further hearing wherein the arguments of counsel were heard and considered. For the following reasons, the Government's Motion will be GRANTED.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions applied retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 11, 2008, the undersigned held a hearing in this cause related to the Defendant's motion pursuant to 18 U.S.C. §3582(c) seeking a sentencing reduction as a result of the

1

aforementioned amendments. At the hearing, both Government and Defense counsel agreed to a two level sentencing reduction which lowered the Defendant's sentence to 151 months. Neither counsel presently disputes that it was their understanding that the reduction would not result in the Defendant's immediate release since even after the reduction, the Defendant still had time remaining on his sentence. Furthermore, the undersigned had no intention that the reduction would result in the Defendant's immediate release since the court had before it a schedule[1] as to the Defendant's anticipated release date, showing a release date of April 10, 2009. (Exhibit 1).

At the conclusion of the hearing, the court prepared and entered an Order (AO 247 Order regarding Motion for Sentencing Reduction) granting Fields' motion for reduction and reducing his sentence on Count 1 from 188 months to 151 months. In addition, the Court included the following language in the comments section of the form AO 247 : "If this sentence exceeds the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence." This language had been recommended by the Bureau of Prisons and transmitted to the judiciary for its use in AO 247 by virtue of a memorandum from the Committee on Criminal Law of the Judicial Conference of the United States.   (Exhibit 2).

Subsequently, the Bureau of Prisons, following the language it had recommended and which the court incorporated in the judgment, converted Fields' sentence to a sentence of "Timed Served" and released Fields from custody. Two days later, on March 13, 2008, the undersigned received a corrected version of the language to be included on the AO 247 which informed the court of a scrivener's error in the prior communication and indicated that the new language to be incorporated

---

[1]This schedule was prepared by the court's clerk who, in turn, received her information from the Federal Defender's Office which received its information from the Bureau of Prisons database.

into the AO 247 was "If this sentence is <u>less than</u> the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence." (Exhibit 3).

On March 20, 2008, after learning that the BOP erroneously released the Defendant from custody, the Government notified the court by filing the present Motion to Amend the March 11, 2008 Order to strike the language of the March 11, 2008 Order that the BOP initially provided and insert the amended language noted above.[2] Defendant responded to the Government's motion by arguing that the court has no jurisdiction to amend its prior Order and therefore, he argues that he has been lawfully released from custody. It is to this argument that the court now turns its attention.

"District courts have limited power to revisit sentences after they are imposed. Once a Court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *United States v. Goode,* 342 F.3d 741, 743 (7th Cir.2003) (citation omitted). Further, the Sentencing Reform Act specifies that a sentencing court may not modify a term of imprisonment once it has been imposed except under limited circumstances. *See* 18 U.S.C. § 3582(c). Here, the court's authority to modify Fields' prior sentence to reflect the recently enacted amendments to the crack guidelines is clear; indeed, section 3582(c)(2) authorizes the sentencing court to reduce a previously imposed sentence when the Sentencing Commission lowers the inmate's guideline range. *See* 18 U.S.C. § 3582(c)(2). This is precisely what the court did in this case when it amended the prior judgment to reflect a reduction in Fields' sentence from 188 to 151 months.

---

[2]While this motion was briefing out, the BOP, acting under auspices of its administrative authority, ordered the United States Marshal service to take the Defendant into custody and return him to the federal institution from which he was released. Upon motion by Defendant's counsel, the Court stayed any administrative directive issued by the Bureau of Prisons.

3

That said, both counsel acknowledge that what has occurred in this case since the entry of the amended judgment and by virtue of the Bureau of Prisons error was not the intended result of the amended judgment. In fact, the court and both counsel are in agreement that the intent of the Amended Judgment was only to reduce the sentence to 151 months not, as the Bureau of Prisons did, convert the sentence to a sentence of time-served. The crucial question then is whether this court has authority to further amend the modified judgment because of this clear error. According to the Defendant, Rule 35 is the sole procedural rule through which the court may make a substantive change to a sentencing order. Under that rule, "within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). Since seven days have passed since the Amended Judgment was entered, the Defendant argues that it is too late for the Court to further amend the judgment and Fields is entitled to remain at liberty despite acknowledgment of the error.

The Government, however, points to Fed.R.Crim.P. 36 and argues that under its language, the court may correct "clerical errors...arising from oversight or omission" at any time. And, as the Government points out, the inclusion of the requested Bureau of Prisons language contained an error which is internally inconsistent with the intent of the amended judgment. Moreover, the Government notes that it is not seeking to have the benefit the Defendant received from the retroactive crack amendment recomputed or otherwise changed in any way; rather, the Government seeks only to have the Defendant returned to custody to serve the sentence that all parties (and the court) agreed upon at the time the Amended Judgment was entered.

Rule 36 does provide that the court "after giving any notice it considers appropriate...may at any time correct a clerical error in a judgment...arising from oversight or omission." "[T]his rule

4

applies when there is an error "in the translation from the district court's original sentence to the formal written commitment order." *United States v. Becker,* 36 F.3d 708, 710 n. 2 (7th Cir.1994). Indeed, when the judgment does not reflect the district judge's actual sentencing plan, then correction is possible under Fed.R.Crim.P. 36. Id.. In this case, a review of the record demonstrates plainly that the undersigned did not intend for the defendant to be immediately released or his time converted to a sentence of "time served" when he entered the Amended Judgment. Rather, the actual sentencing plan imposed by the undersigned was that Fields would serve a sentence of 151 months. Correcting the language in the Amended Judgment which specifies otherwise is well within the purview of Fed.R.Crim.P. 36. *See United States v. Robinson*, 55 Fed Appx. 781 (7th Cir. 2003) (affirming district judge's correction under Rule 36 of a judgment that mistakenly reported the sentence as 10 years when "everyone including the defendant assumed that the sentence was indeed life"); *United States v. Tekulve*, 38 Fed.Appx. 314 (7th Cir. 2002)(remanding for court to correct clerical error where judgment of conviction did not correctly reflect sentence imposed by the court).

Nevertheless, the Defendant cites *United States v. Daddino,* 5 F.3d 262, 265 (7th Cir.1993) and *United States v. Becker,* 36 F.3d 708, 709-10 & n. 2 (7th Cir.1994), for the proposition that Rule 36 does not provide an avenue for relief from problems that are "substantive," even if only mechanical or computational errors. Defendant further asserts that the error here is substantive rather than clerical because it has the effect of "fundamentally and substantively" altering the Defendant's sentence. The same argument, however could be made for any error that altered a defendant's sentence.

In the end, what this case turns on is a scrivener's error. The Bureau of Prisons recommended language to this court which appeared to have the stamp of approval from the Judicial

5

Conference of the United States. The undersigned included the language in the amended judgment only to learn two days later that the language contained what can only be described as a scrivener's error by the Bureau of Prisons which, in turn, did not comport with either the spirit or intent of the Amended Judgment in this case. It is for this reason that the undersigned believes it is proper to utilize Rule 36 to amend the judgment to reflect the clear intent of not only this court but that of both counsel at the time of the hearing.

Accordingly, the Government's Motion to Amend the Judgment is GRANTED. The Clerk is hereby ORDERED and DIRECTED to prepare a new AO 247 which reflects in the section entitled "Additional Comments" the corrected version of the language provided to the undersigned by the March 13, 2008 Memorandum from the Judicial Conference of the United States. The remainder of the amended judgment should remain unchanged from the Order entered on March 11, 2008.

At the hearing, counsel agreed that the Defendant shall voluntarily surrender at the date, time, and location set by the United States Marshals Service. It is imperative the defendant surrender on the date and time mandated. Failure to appear for voluntary surrender may result in an additional term of imprisonment, pursuant to 18 U.S.C. §3146(a).

SO ORDERED.

This 30th day of April, 2008.

s/ William C. Lee
United States District Court