## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:98-CR-52 |
| | ) | |
| SIDNEY FIELDS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## OPINION AND ORDER

Before the court is Defendant Sidney Fields ("Field's") Motion for Release Pending Appeal filed on May 1, 2008. The Government responded on May 5, 2008. The court held a hearing on May 6, 2008 wherein the court heard the arguments of counsel and indicated a written ruling would follow. For the following reasons, Fields's Motion for Release Pending Appeal will be GRANTED.

On May 1, 2008, Fields filed his Notice of Appeal wherein he appealed this court's April 30, 2008, Opinion and Order granting the Government's motion to amend the amended judgment (AO 247) in his case. The original AO 247, entered after the court granted Fields's petition under 18 U.S.C. §3582(c)(2) pursuant to the retroactive amendment to the crack guidelines,[1] included the following language in the comments section: "If this sentence exceeds the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence." This language had been recommended by the Bureau of Prisons and transmitted to the judiciary for its use in AO 247 by virtue of a memorandum from the Committee on Criminal Law of the Judicial Conference of the United States.

---

[1] Fields received a reduction of sentence to 151 months as a result of the retroactive crack amendment. As noted in this court's April 30, 2008 Order, the Court and the parties correctly believed that even with the reduction Fields had until April 10, 2009 left to serve.

1

Subsequently, the Bureau of Prisons, following the language it had recommended and which the court incorporated in the judgment, converted Fields's sentence to a sentence of "Timed Served" and released Fields from custody.  Fields's immediate release was not the intent of either the court or either counsel at the time the AO 247 was entered.  Two days later, on March 13, 2008, the undersigned received a corrected version of the language to be included on the AO 247 which informed the court of a scrivener's error in the prior communication and indicated that the new language to be incorporated into the AO 247 was "If this sentence is <u>less than</u> the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence."

In its Motion to Amend the Judgment, which the Government filed outside of the seven days provided by Fed.R.Crim.P. 35 (permitting the correction of a clear error by the court within seven days), the Government argued that the error was a clerical error pursuant to Fed.R.Crim.P. 36 and therefore, the court had jurisdiction to correct the error and amend the AO 247.  The Government further relied upon the fact that the clear intent of the Court and all counsel was that Fields receive the two level reduction under the retroactive crack amendment and no more.  The defendant, in turn, argued that the error was not a clerical error at all but a substantive error since it, in effect, altered the Defendant's sentence, and therefore, Fed.R.CrimP. 36 was inapplicable.  The Court determined Fed.R.Crim.P. 36 was applicable and ordered the Clerk to Amend the AO 247.

Thereafter, Fields was given a reporting date to voluntarily surrender to the United States Marshal Service.  In response, the Defendant filed both a Notice of Appeal and the present Motion for Release Pending Appeal and the court stayed Fields's reporting date.

Pursuant to the Bail Reform Act, 18 U.S.C. §3143(b), release pending appeal is available to a criminal defendant after conviction and pending appeal provided (1) the appeal is "not for the

2

purpose of delay," (2) the appeal "raises a substantial question of law or fact likely to result in ... a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process" and (3) the defendant shows by "clear and convincing evidence" that, if released, he "is not likely to flee or pose a danger to the safety" of the community. 18 U.S.C. § 3143(b). An imprisoned person is not to be released pending further proceedings if it is a certainty that however those proceedings are resolved, he will have to be returned to prison. *United States v. Krilich,* 178 F.3d 859, 861-62 (7th Cir.1999) (per curiam); *United States v. Holzer,* 848 F.2d 822, 824 (7th Cir.1988).

In this case, the Defendant has met his burden. The appeal is not raised for purposes of delay; in fact, defense counsel represented that there are presently three or four similar cases pending in the Seventh Circuit Court of Appeals and he has sought (or will be seeking) not only an expedited appeal but a consolidation of this case with the others presently before the Seventh Circuit.

Secondly, the Seventh Circuit has defined a "substantial question" as one that is a "close" question or one that "very well could be decided the other way." *See United States v. Eaken,* 995 F.2d 740, 741 (7th Cir.1993); *United States v. Greenberg,* 772 F.2d 340, 341 (7th Cir.1985). In this case, the Defendant raised a substantial question of law in his briefs before this court and cited Seventh Circuit precedent which not only supported his position but would, if adopted by the Appellate Court and applied to the facts of this case would have the effect of reducing Fields' sentence to a term of imprisonment less than the total of the time already served plus the duration of the appeal process. Indeed, if the Defendant prevails, he is entitled to immediate release.

Finally, the Defendant has demonstrated compliance with the terms of his supervised release and the Government has not presented any evidence that he poses a flight risk. The probation

3

officer reported at the hearing that Fields has been compliant with the terms and conditions of his supervised release, has attended all of his appointments and has secured employment. Accordingly, the court concludes that Fields should be released pending appeal since he has been cooperative with the supervised release process. The Defendant's Motion for Release Pending Appeal is therefore, GRANTED.

Even though the defendant has been released pending appeal, the Court fully anticipates that defense counsel will pursue consolidation of Fields's case with the other cases currently on appeal before the Seventh Circuit Court of Appeals as well as to seek expedited review of Fields's case.

SO ORDERED. This 8th day of May 2008.

s/ William C. Lee
United States District Court